O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CRAIG COOPER, | ) | No. CV 12-7335-CAS (CW) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | ACTION AND DENYING CERTIFICATE |
| v. | ) | OF APPEALABILITY |
| | ) | |
| G. SWARTOUT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On August 24, 2012, the court received the instant action which has been liberally construed and filed by the court as a petition for writ of habeas corpus by a person in state custody ("Pet.").[1]  For the following reasons, the Petition is subject to summary dismissal without prejudice as successive and duplicative of a previous

---

[1]The actual title on the pleading reads: "Motion for Clarification of Dispositions" (docket no. 2), with attached "Motion For Relief From Judgment Under Fed. R. Of Civ. Pro. 60(b)(4)" (docket no. 1).

1

1  petition.[2]

2      By way of pertinent background, this is the third action filed by

3  Petitioner in this court.  In the first, <u>Cooper v. Lamarque</u>, CV 99-

4  4457-CAS (CW), Petitioner raised several claims challenging a 1996

5  conviction in Los Angeles Superior Court (Case No. NA 027541) for

6  possession of cocaine, a felony. [<u>See</u> Report and Recommendation of

7  Magistrate Judge (docket no. 35, filed October 1, 2001), recommending

8  denial of habeas relief on the merits.]  Petitioner did not then

9  challenge his sentence of twenty-five years to life under California's

10 "Three Strikes" law. [<u>See</u> <u>Id</u>.]  On October 30, 2001, judgment was

11 entered denying the habeas petition and dismissing the action with

12 prejudice. [Docket no. 40.]  Both this court and the Ninth Circuit

13 denied a certificate of appealability. [<u>See</u> docket nos. 47 and 51.]

14     A decade later, Petitioner filed a second habeas petition

15 addressing his 1996 conviction, <u>Cooper v. Gonzales</u>, CV 11-2185-

16 CAS(CW), which challenged on due process grounds the use of two prior

17 convictions (Los Angeles Superior Court Case No. A62911) as "strikes"

18 and Petitioner's consequent sentence imposed pursuant to the "Three

19 Strikes" law. [<u>See</u> Petition (docket no. 1, filed March 15, 2011).]

20 Concurrently, Petitioner filed a "Rule 60 (b) motion" which purported

21

22     [2]This court has a duty to screen applications for habeas corpus
relief.  <u>See</u> Rules Governing § 2254 Cases in the United States
District Courts, Rule 4 Advisory Committee Notes; <u>see</u> <u>also</u> Local Rule
23 72-3.2.  Rule 4 requires a district court to promptly examine a habeas
corpus petition, and if it plainly appears from the face of the
24 petition and any annexed exhibits that the petitioner is not then
entitled to relief in the district court, the judge shall make an
25 order for summary dismissal of the petition.  <u>See</u> Rules Governing
§ 2254 Cases in the United States District Courts, Rule 4; <u>see</u> <u>also</u>
26 Local Rule 72-3.2 (authorizing magistrate judge to prepare proposed
order for summary dismissal and proposed judgment for district judge
27 if it plainly appears from face of petition that petitioner is not
entitled to relief).

28

1    to seek relief from a December 2010 California Supreme Court decision
2    denying on procedural grounds a state habeas petition challenging the
3    legality of Petitioner's sentence. [See docket nos. 2, 6 at 2 n. 2.]
4    On March 18, 2011, the court entered judgment in Case No. CV 11-2185-
5    CAS(CW), dismissing the petition as successive; the court also denied
6    the concurrent "Rule 60(b) motion"³ and ordered that a certificate of
7    appealability be denied. [Docket nos. 5-7.]   The Ninth Circuit
8    subsequently denied Petitioner's application for a certificate of
9    appealability on June 27, 2012. [Docket no. 12.]

10       On July 30, 2012, Petitioner again filed a "Rule 60(b) motion" in
11   Case No. CV 11-2185-CAS(CW)(docket no. 13), the underlying basis of
12   which concerned Petitioner's due process challenge to the use of his
13   prior convictions as "strikes" and which sought relief from the state
14   court's rejection of that challenge on procedural grounds.   This court
15   denied that motion on the ground that it did not warrant
16   reconsideration of either the conclusion that the petition in Case No.
17   CV 11-2185-CAS(CW) was an unauthorized successive petition or the
18   conclusion that a certificate of appealability was not merited. [See
19   docket no. 14, filed August 23, 2012.]   The court further noted that
20   to the extent the Rule 60(b) motion sought to revisit the merits of
21   the denial of habeas relief on Petitioner's 1996 conviction, the
22   motion itself constituted a second or successive petition subject to
23   the requirements of 28 U.S.C. § 2244(b)(3), which had yet to be
24   satisfied. [Id.]

25       The instant Petition substantially duplicates the Rule 60(b)

26

27       ³Petitioner was advised that this court has no authority pursuant
     to Rule 60(b) to vacate or otherwise order relief from a state court
28   judgment. [See Docket no. 6 at 2 n. 2.]

motion filed on July 30, 2012, and denied in Case No. CV 11-2185-CAS
(CW) on August 23, 2012.  Both that motion and the instant filing
appear to challenge the state court's denials on procedural grounds of
Petitioner's challenges to the use of certain prior convictions as
"strikes."  At base, the underlying relief Petitioner seeks in this
action is the same as that requested in Case No. CV 11-2185-CAS(CW),
which this court previously dismissed as successive to Petitioner's
unsuccessful 1999 habeas petition challenging the same 1996 conviction
at issue here.  Absent prior authorization by the Ninth Circuit, this
court lacks jurisdiction to consider a subsequent petition where the
prior petition was denied on the merits even if the latter petition
raises different claims.  See 28 U.S.C. § 2244(b)(1)-(3); Gonzales v.
Crosby, 545 U.S. 524, 529-30, 125 S. Ct. 2641, 162 L. Ed 2d 480
(2005).

    Accordingly, because it plainly appears from the face and body of
the instant Petition that the Petition is duplicative and successive,
that relief is not now available, and that the defect noted cannot be
cured by amendment, the petition should be summarily dismissed without
prejudice.  See generally, 28 U.S.C. § 2254(b); see also Cato v.
United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995)(court has
discretion to dismiss a pleading "that merely repeats pending or
previously litigated claims").

    Additionally, Rule 11 of the Federal Rules Governing Section 2254
Cases states that "the district court must issue or deny a certificate
of appealability when it enters a final order adverse to the
applicant."  A certificate of appealability ("COA") is not issued
unless there is "a substantial showing of the denial of a
constitutional right."  28 U.S.C. § 2253(c)(2).  When a petition is,

4

as here, dismissed on procedural grounds, a COA should be granted only if two elements are satisfied: (1) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Here, there is nothing to indicate that jurists of reason would find anything debatable in the procedural ruling that the petition is duplicative and successive. Thus, the court need not decide whether the application states a valid constitutional claim. See Id. at 485.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is dismissed without prejudice as duplicative and successive and that a certificate of appealability is denied.[4]


DATED:  September 6, 2012


CHRISTINA A. SNYDER
United States District Judge

Presented by:
Dated: September 4, 2012


CARLA M. WOEHRLE
United States Magistrate Judge

---

[4]The clerk is directed to provide to Petitioner the Ninth Circuit form application for permission to file a second or successive petition.

5